FILED
JANUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY THERESA CAHILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. |
| SMITH AND NEPHEW, INC., | ) ) ) |
| Defendant. | ) |

**08 C 255**

**JUDGE DARRAH
MAGISTRATE JUDGE BROWN**

<u>**NOTICE OF REMOVAL**</u>

TO:  Clerk of the Court
United States District Court
Northern District of Illinois
Eastern Division
219 S. Dearborn Street
Chicago, IL 60604

Clerk of the Court
Circuit Court of Cook County
County Department - Law Division
Richard J. Daley Center
50 W. Washington Street
Chicago, IL 60602

Eric D. Stubenvoll
Alika Moitra
Christenson & Ehret, LLP
222 W. Adams Street,
Suite 2100
Chicago, IL 60606

Defendant Smith and Nephew, Inc. hereby provides its Notice of Removal pursuant to 28 U.S.C.A. § 1441. The grounds for removal are as follows:

1.  On December 5, 2007, plaintiff filed suit in the Circuit Court of Cook County, Chicago, Illinois, Law Division, entitled, *Mary Theresa Cahill v. Smith and Nephew, Inc. a Delaware Corporation,*, Case No.07 L 13600 (see copy of plaintiff's

472832-1                                                       1

Complaint, attached hereto and made a part hereof as Exhibit "A").

2. Defendant Smith and Nephew, Inc. was served with plaintiff's complaint by personal service on December 18, 2007 (see copy of Summons, attached hereto and made a part hereof as Exhibit "B").

3. Pursuant to 28 U.S.C. § 1446(a) plaintiff's summons and complaint are attached to this Notice of Removal and are the sole pleadings in the aforementioned case, thus constituting the court file, copy of all process, pleadings, and orders served upon defendant.

4. Defendant Smith and Nephew, Inc. has filed this Notice of Removal within thirty (30) days of service of the lawsuit.

5. Defendant Smith and Nephew, Inc. is incorporated in Delaware and has its principal place of business in Memphis, Tennessee.

6. The plaintiff, Mary Theresa Cahill, is a citizen of the State of Illinois.

7. Thus, there is complete diversity of citizenship of the parties pursuant to 28 U.S.C.A. § 1332.

8. The amount in controversy also exceeds $75,000 exclusive of costs and interest. (see affidavit of Anthony J. Monaco, attached hereto and made a part hereof as Exhibit "C"). In her complaint, Ms. Mary Theresa Cahill alleged that defendant Smith and Nephew, Inc.'s product proximately caused her "pain and suffering," "substantial medical bills," a "loss of normal life", and that she is "unable to carry out her usual and daily activities."

9. The underlying state court is one in which this court has original jurisdiction over pursuant to the provisions of 28 U.S.C.A. § 1332 and is one which may

be removed to this Court by the petitioner pursuant to the provisions of 28 U.S.C.A. § 1441 and § 1446 because the matter in controversy exceeds the sum of $75,000 exclusive of costs and interests, and complete diversity exists.

10. The defendant has given written notice of the filing of this Notice of Removal to all attorneys of record and the Clerk of the Cook County Circuit Court – Law Division, Chicago, Illinois.

Respectfully Submitted,

By: /s/ Anthony J. Monaco
One of the attorneys for the
Defendant
Smith and Nephew, Inc.

Kay L. Schichtel ARDC# 2480417
Anthony J. Monaco, ARDC# 6279545
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 FAX
amonaco@smbtrials.com

## CERTIFICATE OF SERVICE

I, Joan M. Amore, a non-attorney, certify that I served the foregoing **Notice of Removal** upon the clerks and counsel of record listed below from the offices of Swanson, Martin & Bell, LLP, 330 N. Wabash, Suite 3300, Chicago, IL 60611 on January 11, 2008.

VIA E-MAIL
Clerk of the United States
District Court
Northern District of Illinois
Eastern Division

VIA REGULAR MAIL
Clerk of the Circuit Court
Cook County, Illinois
County Department, Law Division

VIA REGULAL MAIL
Eric D. Stubenvoll
Alika Moitra
Christenson & Ehret, LLP
222 W. Adams Street, Ste. 2100
Chicago, IL 60606

/s/ Joan M. Amore

[X]  Under penalties of perjury, I certify that the statements set forth herein as true and correct.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MARY THERESA CAHILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SMITH & NEPHEW, INC. )<br>)<br>Defendants. )<br>) | No. 07 L 13600<br><br>JURY DEMAND |

### PLAINTIFF'S COMPLAINT AT LAW

COMES NOW Plaintiff Mary Theresa Cahill, by and through her attorneys, Christensen & Ehret LLP, and for her complaint against Smith & Nephew, Inc. ("Smith & Nephew") states as follows:

### PARTIES & VENUE

1. Plaintiff, Mary Theresa Cahill, ("Cahill") is an individual residing in Cook County, Illinois.

2. Smith & Nephew is a corporation organized under the under the laws of Delaware with its principal place of business in Tennessee and doing business in the State of Illinois. Smith & Nephew manufactures orthopedic devices, including replacement hip devices.

3. Venue is proper pursuant to 735 ILCS 5/2-101 in that the events giving rise to this action occurred in Cook County.

### GENERAL ALLEGATIONS

4. In 1990, Plaintiff Cahill underwent left total hip replacement surgery.

5. On February 11, 2003, Cahill underwent surgery to replace the original artificial hip with an Echelon hip made of cobalt chromium and manufactured by Smith & Nephew,


EXHIBIT A

Model Nos. 71340413 (Rod) and 71303200 (Ball) (hereinafter referred to as the "Hip Replacement").

6. On December 7, 2006, in the absence of any trauma, Cahill suffered a complete fracture to the femoral stem of her Smith & Nephew echelon hip rod.

7. On December 14, 2006, Plaintiff Cahill was forced to undergo surgery to remove the defective Hip Replacement.

8. On December 19, 2006, Mrs. Cahill underwent a second surgery to implant a new hip replacement.

## COUNT I

## NEGLIGENCE

9. Plaintiff Cahill incorporates by reference paragraphs 1 through 8 as though fully set forth herein

10. Defendant Smith & Nephew owed a duty to Plaintiff to use reasonable care in the manufacturing and design of the Hip Replacement.

11. Defendant owed duty to Plaintiff to test and inspect for and to warn of defects and dangerous propensities and conditions inherent in and arising from the Hip Replacement.

12. Defendant Smith & Nephew was negligent in the testing, certification, assembly, and manufacturing of the Hip Replacement.

13. Defendant Smith & Nephew committed one or more of the following acts or omissions:

    a. Negligently manufactured, distributed and sold the Hip Replacement that was not of the proper strength, durability and metallurgical integrity;

    b. Failed to adequately test the Hip Replacement to discover that it was defective in composition, structure and/or strength;

    c.    Failed to provide adequate safeguards to protect persons such as the Plaintiff;

    d.    Failed to warn of said defects even though defendant Smith & Nephew knew or should have known plaintiff Cahill would not realize or appreciate the dangerous conditions arising from the use of the Hip Replacement; and

    e.    Was otherwise negligent.

14. As a direct and proximate result of defendant Smith & Nephew's negligence, in addition to surgery to remove the Hip Replacement, Plaintiff required surgery to replace the Hip Replacement, experienced pain and suffering, incurred substantial medical bills, suffered a loss of a normal life, is unable to carry out her usual and daily activities and was otherwise damaged.

WHEREFORE, Plaintiff Mary Theresa Cahill requests this Court enter judgment against defendant Smith & Nephew, Inc. in an amount greater than $50,000.00 and for such other relief as this Court deems just and proper.

## COUNT II

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

15. Plaintiff Cahill incorporates by reference paragraphs 1 through 8 as though fully set forth herein

16. Defendant Smith & Nephew was a merchant of the Hip Replacement.

17. At all times relevant Plaintiff Cahill was a person reasonably expected to be effected by the use and operation of the Hip Replacement.

18. Defendant Smith & Nephew breached the implied warranty of merchantability in that the Hip Replacement sheared in two pieces and was not fit for the ordinary purpose and was not of merchantable kind and quality in that the Hip Replacement was substandard and subject to breakage.

19. Plaintiff Cahill provided notice of the breach of implied warranty of merchantability to defendant Smith & Nephew pursuant to 810 ILCS 5/2-607 (3).

20. As a direct and proximate result of defendant Smith & Nephew's negligence, in addition to surgery to remove the Hip Replacement, Plaintiff required surgery to replace the Hip Replacement, experienced pain and suffering, incurred substantial medical bills, suffered a loss of a normal life, is unable to carry out her usual and daily activities and was otherwise damaged.

WHEREFORE, Plaintiff Mary Theresa Cahill requests this Court enter judgment against Defendant Smith & Nephew in an amount greater than $50,000.00 and for such other relief as this Court deems just and proper.

Respectfully submitted,

CHRISTENSEN & EHRET, LLP

By: _____
One of the attorneys for,
Mary Theresa Cahill

Eric D. Stubenvoll
Alika Moitra
Christensen & Ehret, LLP
222 West Adams Street, Suite 2170
Chicago, Illinois 60606
(312) 634-1014
(312) 634-1018 Fax
Attorney No. 31639
115640

4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARY THERESA CAHILL | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| SMITH & NEPHEW, INC. | ) ) ) | |
| Defendants. | ) ) | |

## AFFIDAVIT

I, Eric Stubenvoll, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1. That I am an attorney at law licensed to practice in the State of Illinois.

2. That I am a Partner with the law firm of Christensen & Ehret, LLP, attorneys of record for the Plaintiff, Mary Theresa Cahill.

3. That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4. That this Affidavit is submitted in compliance with the Supreme Court Rule 222(b).

FURTHER AFFIANT SAYETH NAUGHT.

_____
Eric Stubenvoll

SUBSCRIBED AND SWORN to before
me this 5a day of December, 2007

_____
Notary Public

OFFICIAL SEAL
RHONDA D MCLARNEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/01/10

Risk Mgmt
Regulatory

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
12/18/2007
CT Log Number 512896499

Smith & Nephew, Inc.
Legal Department - Litigation Group

DEC 20 2007

TO: JEAN MERCER
Smith & Nephew, Inc.
1450 East Brooks Road
Memphis, TN 38116

RE: **Process Served in Illinois**

FOR: Smith & Nephew, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Mary Theresa Cahill, Pltf. vs. Smith & Nephew, Inc., Dfts. |
| DOCUMENT(S) SERVED: | Summons (2 Sets), Complaint, Affidavit(s) |
| COURT/AGENCY: | Cook County Circuit Court - First Municipal District, IL<br>Case # 2007L013600 |
| NATURE OF ACTION: | Product Liability Litigation - Manufacturing Defect - Echelon hip made of Cobalt Chromium |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Chicago, IL |
| DATE AND HOUR OF SERVICE: | By Process Server on 12/18/2007 at 12:00 |
| APPEARANCE OR ANSWER DUE: | Within 30 days, not counting the day of service |
| ATTORNEY(S) / SENDER(S): | Mary Thersea Cahill<br>Christensen & Ehret, LLP<br>222 West Adams Street<br>Suite 2170<br>Chicago, IL 60606<br>312-634-1014 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 798833783935 |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of 1 / PJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARY THERESA CAHILL | ) | |
| Plaintiff, | ) | No. |
| v. | ) | Please Serve: |
| SMITH & NEPHEW, INC. | ) | |
| Defendants. | ) | Registered Agent:<br>CT Corporation System<br>208 SO LaSalle St.<br>Suite 814<br>Chicago, IL 60604 |

## SUMMONS

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereby attached, or otherwise file an appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room 802, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Witness, _____DEC 05 2007_____, 2007

_____
Clerk of Court

Date of service: _____, 2007

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF ILLINOIS**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY THERESA CAHILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. |
| SMITH AND NEPHEW, INC., | ) ) ) |
| Defendant. | ) |

### AFFIDAVIT OF ATTORNEY ANTHONY J. MONACO

I, Anthony J. Monaco, after being sworn and upon oath, state that if I were called to an evidentiary hearing I would competently testify on the basis of first hand knowledge to the following:

1. I am an attorney for Smith and Nephew, Inc., in the *Cahill* litigation.

2. I am knowledgeable about the citizenship and principal place of business of Smith & Nephew, Inc. is a Delaware corporation with its principal place of business in Memphis, Tennessee.

3. In the time that I have worked as an attorney in Illinois, I have been involved with numerous products liability suits such as this one.

4. As a trial attorney for the above defendant Smith and Nephew, I have a good faith belief, based on the plaintiff's complaint, and my experience in handling numerous product liability actions, that the parties are in diversity, the amount in controversy exceeds the jurisdictional amount of $75,000 exclusive of costs and interest and removal is proper.

472995-1



EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY THERESA CAHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| SMITH AND NEPHEW, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF ATTORNEY ANTHONY J. MONACO

I, Anthony J. Monaco, after being sworn and upon oath, state that if I were called to an evidentiary hearing I would competently testify on the basis of first hand knowledge to the following:

1. I am an attorney for Smith and Nephew, Inc., in the *Cahill* litigation.

2. I am knowledgeable about the citizenship and principal place of business of Smith & Nephew, Inc. is a Delaware corporation with its principal place of business in Memphis, Tennessee.

3. In the time that I have worked as an attorney in Illinois, I have been involved with numerous products liability suits such as this one.

4. As a trial attorney for the above defendant Smith and Nephew, I have a good faith belief, based on the plaintiff's complaint, and my experience in handling numerous product liability actions, that the parties are in diversity, the amount in controversy exceeds the jurisdictional amount of $75,000 exclusive of costs and interest and removal is proper.

472995-1

FURTHER AFFIANT SAYETH NOT

/s/ Anthony J. Monaco

Subscribed and sworn to
before me this 11th day
of January, 2008

_Joan M Amore_
Notary Public

OFFICIAL SEAL
JOAN M AMORE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/29/10

472995-1