IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY THERESA CAHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 C 255 |
| | ) | |
| SMITH & NEPHEW, INC., | ) | District Judge Darrah |
| | ) | |
| Defendants. | ) | Magistrate Brown |

**SMITH & NEPHEW, INC.'S ANSWER and AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant, SMITH & NEPHEW, INC., answers Plaintiff's Complaint at Law as follows:

**PARTIES & VENUE**

1.    Plaintiff, Mary Theresa Cahill, ("Cahill") is an individual residing in Cook County, Illinois.

**ANSWER:**    Admit.

2.    Smith & Nephew is a corporation organized under the laws of Delaware with its principal place of business in Tennessee and doing business in the State of Illinois. Smith & Nephew manufactures orthopedic devices, including replacement hip devices.

**ANSWER:**    Admit.

3.    Venue is proper pursuant to 735 ILCS 5/2-101 in that the events giving rise to this action occurred in Cook County.

**ANSWER:**    Deny. This case has been removed to the United States District Court for the Northern District of Illinois under diversity jurisdiction.

**GENERAL ALLEGATIONS**

4.    In 1990, Plaintiff Cahill underwent left total hip replacement surgery.

1

**ANSWER:** Smith & Nephew has insufficient knowledge and information to form a belief as to the allegations contained in this paragraph.

5. On February 11, 2003, Cahill underwent surgery to replace the original artificial hip with an Echelon hip made of cobalt chromium and manufactured by Smith & Nephew, Model Nos. 71340413 (Rod) and 71303200 (Ball) (hereinafter referred to as the "Hip Replacement").

**ANSWER:** Smith & Nephew has insufficient knowledge and information to form a belief as to the allegations contained in this paragraph.

6. On December 7, 2006, in the absence of any trauma, Cahill suffered a complete fracture to the femoral stem of her Smith & Nephew echelon hip rod.

**ANSWER:** Smith & Nephew has insufficient knowledge and information to form a belief as to the allegations contained in this paragraph.

7. On December 14, 2006, Plaintiff Cahill was forced to undergo surgery to remove the defective Hip Replacement.

**ANSWER:** Smith & Nephew has insufficient knowledge and information to form a belief as to the allegations contained in this paragraph.

8. On December 19, 2006, Mrs. Cahill underwent a second surgery to implant a new hip replacement.

**ANSWER:** Smith & Nephew has insufficient knowledge and information to form a belief as to the allegations contained in this paragraph.

## COUNT I - NEGLIGENCE

9. Plaintiff Cahill incorporates by reference paragraphs 1 through 8 as though fully set forth herein.

**ANSWER:** Smith & Nephew incorporates by reference each of its above answers as though fully set forth herein.

10. Defendant Smith & Nephew owed a duty to Plaintiff to use reasonable care in the manufacturing and design of the Hip Replacement.

**ANSWER:** Smith & Nephew denies that plaintiff has accurately alleged the applicable duty and law.

11. Defendant owed duty to Plaintiff to test and inspect for and to warn of defects and dangerous propensities and conditions inherent in and arising from the Hip Replacement.

**ANSWER:** Smith & Nephew denies that plaintiff has accurately alleged the applicable duty and law.

12. Defendant Smith & Nephew was negligent in the testing, certification, assembly, and manufacturing of the Hip Replacement.

**ANSWER:** Deny.

13. Defendant Smith & Nephew committed one or more of the following acts or omissions:

   a. Negligently manufactured, distributed and sold the Hip Replacement that was not of the proper strength, durability and metallurgical integrity;

   b. Failed to adequately test the Hip Replacement to discover that it was defective in composition, structure and/or strength;

   c. Failed to provide adequate safeguards to protect persons such as the Plaintiff;

   d. Failed to warn of said defects even though defendant Smith & Nephew knew or should have known plaintiff Cahill would not realize or appreciate the dangerous conditions arising from the use of the Hip Replacement; and

   e. Was otherwise negligent.

**ANSWER:**   Deny.

14.   As a direct and proximate result of defendant Smith & Nephew's negligence, in addition to surgery to remove the Hip Replacement, Plaintiff required surgery to replace the Hip Replacement, experienced pain and suffering, incurred substantial medical bills, suffered a loss of a normal life, is unable to carry out her usual and daily activities and was otherwise damaged.

**ANSWER:**   Deny.

WHEREFORE, Defendant Smith & Nephew, Inc. denies that Plaintiff is entitled to damages in any amount whatsoever and prays for a dismissal of the plaintiff's complaint and for an award of costs.

## COUNT II

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

15.   Plaintiff Cahill incorporates by reference paragraphs 1 through 8 as though fully set forth herein.

**ANSWER:**   Smith & Nephew incorporates by reference each of its above answers as though fully set forth herein.

16.   Defendant Smith & Nephew was a merchant of the Hip Replacement.

**ANSWER:**   Deny.

17.   At all times relevant Plaintiff Cahill was a person reasonably expected to be effected by the use and operation of the Hip Replacement.

**ANSWER:**   Deny.

18.   Defendant Smith & Nephew breached the implied warranty of merchantability in that the Hip Replacement sheared in two pieces and was not fit for the ordinary purpose and was

not of merchantable kind and quality in that the Hip Replacement was substandard and subject to breakage.

**ANSWER:**    Deny.

19.    Plaintiff Cahill provided notice of the breach of implied warranty of merchantability to defendant Smith & Nephew pursuant to 810 ILCS 5/2-607 (3).

**ANSWER:**    Deny.

20.    As a direct and proximate result of defendant Smith & Nephew's negligence, in addition to surgery to remove the Hip Replacement, Plaintiff required surgery to replace the Hip Replacement, experienced pain and suffering, incurred substantial medical bills, suffered a loss of a normal life, is unable to carry out her usual and daily activities and was otherwise damaged.

**ANSWER:**    Deny.

WHEREFORE, Defendant Smith & Nephew, Inc. denies that Plaintiff is entitled to damages in any amount whatsoever and prays for a dismissal of the plaintiff's complaint and for an award of costs.

Reservation: Smith & Nephew, Inc. reserves the right to add affirmative defenses after it inspects the subject product and it is able to conduct discovery.  Smith & Nephew, Inc. will add its affirmative defenses after the completion of discovery.

**SMITH & NEPHEW, INC. DEMANDS TRIAL BY JURY ON ALL ISSUES.**

Date signed: January 15, 2008

                                Respectfully submitted,

                                SWANSON, MARTIN & BELL, LLP

By:   /s/Anthony J. Monaco
       One of the attorneys for defendant
       Smith & Nephew, Inc.

Kay L. Schichtel, ARDC #2480417
Anthony J. Monaco, ARDC 6279545
Swanson, Martin & Bell, LLP
Attorneys for Defendants
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
amonaco@smbtrials.com