# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY THERESA CAHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 C 255 |
| | ) | |
| SMITH & NEPHEW, INC., | ) | District Judge Darrah |
| | ) | |
| Defendants. | ) | Magistrate Brown |

### SMITH & NEPHEW, INC.'S ANSWERS TO PLAINTIFF'S
### FIRST SET OF INTERROGATORIES

Smith & Nephew, Inc. answers Plaintiff's first set of interrogatories as follows:

### INTERROGATORIES

1.     Identify each person who assisted in preparing the answers to these interrogatories

and, following the identity of each such person, state the number of each interrogatory for which

that person provided assistance.

**ANSWER:**     Objection on the grounds that the interrogatory is overbroad and unduly

burdensome. Without waiving this objection and by way of response, Smith & Nephew, Inc.

states that it is a corporate defendant. As such, these responses were not "answered" by any one

person. These responses were prepared by Smith & Nephew, Inc. with the assistance of retained

counsel. Dennis Watson, Assistant Secretary, has signed these responses on behalf of Smith &

Nephew, Inc.

2.     State whether or not this defendant is being sued in its full and correct name. If not,

state the full and correct name of this defendant.

**ANSWER:**   Defendant is being sued in its full and correct name.

3.     Do you have any statements from any witnesses? If so, give the name, present or

last known address, telephone number, job title, employer, of each such witness, the date of the

statement and whether the statement was written or oral.

**ANSWER:**    None other than those produced and supplied by plaintiff or subpoenaed with notice to all parties.

4.    State whether there exists photographs of the hip prosthetic referenced in the Complaint. If so, state the following:

(a)    Describe each photograph;
(b)    State the date each was taken;
(c)    State the name and address of the person taking each such photo

**ANSWER:**    See enclosed 11 photographs.

5.    State whether or not any insurance company (including any company with excess or umbrella coverage) has an interest in the outcome of this litigation against defendant. If so, state the following:

(a)    The name of the insurance company;
(b)    Whether the insurance company is a stock company or a mutual company;
(c)    Name of the insured;
(d)    Type(s) of insurance;
(e)    Effective policy period;
(f)    Policy number; and
(g)    Limits of the policy applicable to the occurrence mentioned in these pleadings.

**ANSWER:**    Smith & Nephew, Inc. is self-insured in an amount sufficient to cover any potential liability in this matter.

6.    Please state whether you were the manufacturer of the hip prosthetic referenced in plaintiffs Complaint, and if so, please state:

(a)    The date upon which the subject product was manufactured;
(b)    The address of the factory and/or such other place at which the subject product was manufactured;
(c)    Whether, at the time of the manufacturer of the subject product, you had a quality control department and/or individual, or a department and/or individual denominated by a different name which was primarily responsible for quality control procedures for the subject

533553-1                                      2

product; and

(d)    If your answer to the foregoing subpart was in the affirmative, the identity of the supervisor and/or person primarily responsible for implementing the quality control procedures, if any, with respect to the subject product.

**ANSWER:**    Smith & Nephew, Inc. manufactured the hip prosthetic referenced in plaintiffs Complaint.

(a)    April 2002.

(b)    Objection. Relevance. Notwithstanding this objection, Tennessee.

(c)    Objection. Whether Smith & Nephew currently maintains a quality control department or division is of no relevance to any issue in this case. Moreover, the request is an extremely overbroad and unduly burdensome request that is nothing more than a fishing expedition. Notwithstanding this objection, see Manufacturing Records.

(d)    See (c) above.

7.    Please identify any and all production specifications formulated and/or utilized by you in the manufacturing of the hip prosthetic referenced in plaintiff's Complaint.

**ANSWER:**    See Manufacturing Records, 510K, and Print.

8.    Please identify each person who had a responsibility to oversee or supervise the manufacturing of the hip prosthetic referenced in plaintiff's Complaint.

**ANSWER:**    Objection. "Each person who had a responsibility to oversee or supervise the manufacturing of the hip prosthetic referenced in plaintiff's Complaint" is an extremely overbroad and unduly burdensome request that is nothing more than a fishing expedition. David Kelman, Group Director of Hip Development, is a person who is familiar with the subject implant.

9.    Please state whether you designed the hip prosthetic referenced in plaintiff's Complaint.

**ANSWER:**    Smith & Nephew, Inc. designed the hip prosthetic referenced in plaintiff's Complaint.

10.    If your answer to the foregoing interrogatory is affirmative, please identify:

(a)    The date or dates upon which the subject product was designed;

(b)    The location of the facility where the subject product was designed;

(c)    The name(s) of the person(s) who participated in the design;

(d)    An identification of each and every drawing, plan, or document relating to the design of the subject product;

(e)    Whether any such document, plan or drawing identified in your answer to subparagraph (d) has been submitted to any governmental entity for approval, registration, or patent, and if so, the date of said submission and entity to which such document was submitted.

**ANSWER:**

(a)    See Print.

(b)    See Print.

(c)    Objection. "Name(s) of the person(s) who participated in the design" is an extremely overbroad and unduly burdensome request that is nothing more than a fishing expedition. David Kelman, Group Director of Hip Development, is a person who is familiar with the subject implant;

(d)    See Print;

(e)    See 510K.

11.    Do you contend that the retailer who supplied the hip prosthetic referenced in plaintiff's Complaint was aware of any alleged defect in such product?

**ANSWER:**    The subject product was not supplied by a retailer.

12.    If your answer to the foregoing interrogatory is in the affirmative, please identify:

(a)    Each and every fact upon which you base such contention;

(b)    The name, business and residence address, and telephone number of any person having knowledge of any such facts; and

(c)    An identification of each and every writing relating to any such fact.

**ANSWER:**    See answer to No. 11 above.

13.    Please state whether you provided any written instructions or warnings as to the use or installation of the hip prosthetic referenced in plaintiff's Complaint.

**ANSWER:**    Objection. The terms "use or installation" are vague and improper when used in the context of this lawsuit. Notwithstanding this objection, Smith & Nephew, Inc.

included the Package Insert when it sold the hip prosthetic referenced in plaintiff's Complaint.

14.    If your answer to the foregoing interrogatory is in the affirmative, please identify:
     (a)    The written instructions or warnings;
     (b)    The name, business and residence address, and telephone number of the person(s) who drafted the wording of said instruction; and
     (c)    Each and every writing relating to the composition of all printed matter distributed with or affixed to the product.

**ANSWER:**
     (a)    See Package Insert;
     (b)    Objection. "The name, business and residence address, and telephone number of the person(s) who drafted the wording of said instruction" is an extremely overbroad and unduly burdensome request that is nothing more than a fishing expedition. David Kelman, Group Director of Hip Development, is a person who is familiar with the subject implant; and the information in the Package Insert.
     (c)    Objection. This request is an extremely overbroad and unduly burdensome request that is nothing more than a fishing expedition. See Package Insert.

15.    Identify any and all complaints, lawsuits, or claims submitted to you relating to the alleged defect(s) of similar makes and models of the hip prosthetic referenced in plaintiffs Complaint.

**ANSWER:**    Objection. This request is not limited to the product involved in this case, not limited to the nature of the allegations in this case, not limited in time or in scope and is extremely overbroad and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the request seeks information protected by the attorney-client privilege and work-product doctrines. Notwithstanding these objections, Smith & Nephew states that it has searched its records for the period of January 1, 2001 through May 2, 2008 and states that it has received no other lawsuits and one other claim alleging a fracture of Echelon Hip Model No. 7130413. The claim involved a patient in Ontario Canada.

16.    Please state whether you performed any test, of whatever nature or description, for the purpose of determining whether the hip prosthetic referenced in plaintiffs Complaint met reasonable performance expectations for its intended use.

**ANSWER:**    Objection.    The term "test" is vague and undefined.    In the context of litigation "test" can mean a number of things.    Notwithstanding these objections, see Manufacturing Records.

17.    If your answer to the foregoing interrogatory is affirmative, please identify:
   (a)    A description of each such test conducted by you;
   (b)    The date and location where each test was conducted;
   (c)    Whether any aspect of any such test was recorded or memorialized or any document or writing, including photographs, films, videotapes or other visual representations of whatever nature or description;
   (d)    An identification of any such document or visual representation;
   (e)    Whether the results of any such test(s) were submitted, or referred to in any manner whatsoever, and any document filed with or tendered to any public entity or regulatory agency; and,
   (f)    The name, business and residence address, and telephone number of the person(s) charged with the responsibility to evaluate the performance of the subject product in each such test referred to in your answers to the proceeding subparts of this interrogatory.

**ANSWER:**    See No. 16 above.

18.    Identify any facts known to you indicating that the hip prosthetic referenced in plaintiffs Complaint had been altered or modified between the time it left the manufacturer's custody and the time it was implanted.

**ANSWER:**    None known at this time.  Discovery is on-going.  Investigation continues.

19.    Identify any facts or circumstances known to you indicating that plaintiff was not using the hip prosthetic referenced in plaintiffs Complaint in a manner reasonably anticipated.

**ANSWER:**    Unknown at this time. Discovery is on-going.  Investigation continues.

20.    State the name of each expert witness that you expect to testify at the trial of your claims in this case, and for each such witness provide the following:

533553-1                                    6

(a)   The subject matter on which the witness will testify;
(b)   The conclusions and opinions of the witness, and the bases therefore;
(c)   The qualifications of the witness;
(d)   Any report prepared by the witness about the case;
(e)   Any exhibits to be used as a summary of or support for the opinions;
(f)   The compensation to be paid in relation to the witness's testimony and preparation therefore; and
(g)   A list of any other cases in which the witness has testified as an expert at trial or by deposition within the last four years.

**ANSWER:**   Unknown at this time.  Defendant will disclose its experts in accordance with the court's scheduling order.

21.   State the names and addresses of all fact witnesses you expect to call at the trial of your claims in this case and state what you expect to be the substance of each witness' testimony.

**ANSWER:**   Unknown at this time.  Defendant's first notice of this claim was upon service of the complaint.  Defendant expects that any witnesses to the incident may be called to testify.  The identity of those witnesses is in the exclusive control of the plaintiff.  In addition, defendant anticipates that plaintiff's treating physicians (pre and post incident) may have relevant information.  See plaintiff's deposition.  At this time, defendant is unsure which fact witnesses have relevant information.  Once plaintiff produces his final Rule 26 expert report and defendant is apprised of the specific defect claimed, defendant will be in a position to identify all fact witnesses that have relevant information and who may be called to testify at trial.  Therefore, defendant expects to supplement this response in the future.

Respectfully submitted,

SMITH & NEPHEW, INC.

By: _____
One of its attorneys

Kay L. Schichtel
Anthony M. Monaco, ARDC 6279545
Nicole M. Young-Kuykendall, ARDC 6294692
Swanson, Martin & Bell, LLP
330 N. Wabash St., Suite 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 FAX

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Dennis Watson
Assistant Secretary
Smith & Nephew, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY THERESA CAHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 C 255 |
| | ) | |
| SMITH & NEPHEW, INC., | ) | District Judge Darrah |
| | ) | |
| Defendants. | ) | Magistrate Brown |

### PROOF OF SERVICE

I, Joan M. Amore, a non-attorney, hereby certify that on May 27, 2008 I served Smith & Nephew, Inc.'s Answers to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's First Request For production via facsimile and regular U.S. Mail to the following:

Eric D. Stubenvoll
Alika Moitra
Christenson & Ehret, LLP
222 W. Adams Street, Suite 2100
Chicago, IL 60606
(312) 634-1014/(312) 634-1018 FAX
**ATTORNEY FOR PLAINTIFF**

Respectfully submitted,

Joan M. Amore

Kay L. Schichtel ARDC #2480417
Anthony J. Monaco, ARDC #6279545
Swanson, Martin & Bell, LLP
330 N. Wabash, Ste. 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 FAX
amonaco@smbtrials.com

582706-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY THERESA CAHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 C 255 |
| | ) | |
| SMITH & NEPHEW, INC., | ) | District Judge Darrah |
| | ) | |
| Defendants. | ) | Magistrate Brown |

**SMITH & NEPHEW INC.'S RESPONSES
TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Smith & Nephew, Inc.'s responds to plaintiff's first request for production as follows:

1.     All documents that evidence, related to, or in any way substantiate your answers to the plaintiff's Interrogatories.

**RESPONSE**: All documents are identified and produced in response to specific requests.

2.     All non-privileged statements or other writings summarizing or containing statements of any party relating to the incident alleged in the plaintiff's Complaint and/or the injuries and damages allegedly resulting therefrom.

**RESPONSE**: None other than medical records which were subpoenaed with notice to all parties.

3.     All photographs, slides, motion pictures, models, videotapes, and/or exhibits of the hip prosthetic referenced in plaintiff's Complaint.

**RESPONSE**: See 11 photographs enclosed.

4.     All documents related to the manufacturing of the hip prosthetic referenced in plaintiff's Complaint, including but not limited to drawings and specifications.

**RESPONSE**: Objection. The term "documents" is undefined and overbroad. Notwithstanding this objection, see Manufacturing Records, Print and 510K.

5.    All instructions related to the to the hip prosthetic referenced in plaintiff's complaint.

**RESPONSE**: Objection. The term "instructions" is undefined and overbroad. Notwithstanding this objection, see Package Insert and Surgical Technique.

6.    Any applicable safety standards or codes considered, governing, or used in the design and/or manufacture of the hip prosthetic referenced in plaintiff's Complaint.

**RESPONSE**: Objection. This request is overbroad because it is not limited in scope and to the issues in this lawsuit. Notwithstanding these objections, see attached Manufacturing Records, Print, and 510K.

7.    All warnings related to the hip prosthetic referenced in plaintiff's Complaint.

**RESPONSE**: Objection. The term "warnings" is undefined and overbroad. Notwithstanding this objection, see plaintiff's medical records, the Package Insert, and the Surgical Technique.

8.    Any report prepared by any expert witness about the case, including any exhibits to be used as a summary of or support for the opinions.

**RESPONSE**: None at this time. Smith & Nephew will supplement this in accordance with the court's scheduling order.

9.    Any and all documents relating to testing performed by or for defendant related to the hip prosthetic referenced in plaintiff's Complaint including results of any testing or inspection for safety of the product.

**RESPONSE**: Objection. The term "testing" is undefined and can mean a wide variety of things in litigation and thus, the interrogatory is vague and ambiguous. Notwithstanding this objection, see the Manufacturing Records.

10.    All documents reflecting the origin, manufacturer, date of manufacture, and purchaser of the hip prosthetic referenced in plaintiff's Complaint.

**RESPONSE**: Objection. The term "origin" is vague and ambiguous. Notwithstanding these objections, see Manufacturing Records.

11.    Copies of any and all documents relating to any claim, complaint, report or incident similar to plaintiff's claim as referenced in the Complaint.

**RESPONSE**: Objection. This request is not limited to the product involved in this case, not limited to the allegations in this case, not limited in time or in scope and is extremely overbroad and not reasonably calculated to lead to the discovery of admissible evidence. In addition,

the request seeks information protected by the attorney-client privilege and work-product doctrines. Notwithstanding these objections, Smith & Nephew states that it has searched its records for the period of January 1, 2001 through May 2, 2008 and states that it has received no other lawsuits and one other claim alleging a fracture of Echelon Hip Model No. 7130413. The claim involved a patient in Ontario Canada.

12.    Any and all brochures, manuals, parts lists, instructions, written materials, advertising materials, or other documents relating to the hip prosthetic referenced in plaintiff's Complaint.

**RESPONSE:** Objection. This request is overbroad and not limited in time, scope or to the issues raised in this lawsuit. Notwithstanding these objections, see the 6 marketing brochures.

13.    Copies of warranties given to the purchaser(s) of the hip prosthetic referenced in plaintiff's Complaint.

**RESPONSE:** None.

14.    Any and all documents, records, or tangible evidence that the product was altered or modified between the time it was sold and the date of the Occurrence in question.

**RESPONSE:** Unknown at this time. Discovery is on-going. Investigation continues.

15.    Any and all documents or records evidencing that this defendant complied with all applicable statutes, regulations, and standards existing at the time of manufacture that prescribed standards for design, inspection, testing, manufacture, labeling, packaging, or instruction for use of the hip prosthetic referenced in plaintiff's Complaint.

**RESPONSE:** Objection. The terms "documents" and "records" are undefined and overbroad. In addition, this request is not limited to the issues raised in this lawsuit. Notwithstanding these objections, see 510K and Manufacturing Records.

Respectfully submitted,

SMITH & NEPHEW, INC.

By: _____
    One of its attorneys

Kay L. Schichtel
Anthony M. Monaco, ARDC 6279545
Swanson, Martin & Bell, LLP
330 N. Wabash St., Suite 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 FAX

## **VERIFICATION**

Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Dennis Watson
Assistant Secretary
Smith & Nephew, Inc.